Juan Jose ARIAS-GONZALEZ, AKA Juan Carlos Castaneda, AKA Luis Garcia-Rodriguez, AKA Juan Amar Gutierrez, AKA Jonthon Mandiville Osuna, AKA Miguel Angel Portillo, AKA Diego Saradegui, AKA Diego Emillio Saradegui, AKA Diego Sara-degui-Torres, AKA Jose Lozano Zamora, Petitioner,

v.

Jefferson B. SESSIONS III, Attorney General, Respondent.

No. 15-70205

United States Court of Appeals, Ninth Circuit.

Submitted August 9, 2017 *

Filed August 14, 2017

Douglas Jalaie, Esquire, Attorney, The Law Office of Douglas Jalaie, Los Angeles, CA, for Petitioner

Todd J. Cochran, OIL, DOJ—U.S. Department of Justice, Civil Division/Office of Immigration Litigation, Washington, DC, Chief Counsel ICE, Office of the Chief Counsel, Department of Homeland Security, San Francisco, CA, for Respondent

Before: SCHROEDER, TASHIMA, and M. SMITH, Circuit Judges.

MEMORANDUM **

Juan Jose Arias-Gonzalez, a native and citizen of Ecuador, petitions for review of the Board of Immigrations Appeals' order dismissing his appeal from an immigration judge's decision denying his application for withholding of removal and relief under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings, *Silaya v. Mukasey*, 524 F.3d 1066, 1070 (9th Cir. 2008), and we deny the petition for review.

As to withholding of removal, even if the evidence compels a finding that the harm in 1994 rose to the level of persecution, the record does not adequately demonstrate a likelihood of future persecution as of the time of the hearing. *See Nagoulko v. INS*, 333 F.3d 1012, 1018 (9th Cir. 2003) (possibility of future harm "too speculative").

As to CAT relief, substantial evidence supports the agency's conclusion that Arias-Gonzalez failed to demonstrate it is more likely than not he would be tortured if returned to Ecuador. *See Silaya*, 524 F.3d at 1073.

PETITION FOR REVIEW DENIED.

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.